**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Application of<br><br>THOMAS FORREST AUSTIN JR.,<br><br>For an Order to Conduct Discovery for<br>Use in Foreign Proceedings | Case No.  18 Misc._____ |

### *EX PARTE* APPLICATION OF THOMAS F. AUSTIN JR.
### FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Thomas F. Austin, (the "Applicant"), respectfully submits this Application for judicial assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary and testimonial evidence for use in foreign proceeding. The Applicant seeks evidence from Citibank, N.A.; The Bank of New York Mellon; Société Générale; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Bank of Nova Scotia; Wells Fargo Bank, N.A.; UBS AG; Bank of America, N.A.; Standard Chartered Bank; Commerzbank AG; Bank of China USA – New York Branch, Safra National Bank of New York, and The Clearing House Payments Company LLC (the "Discovery Targets") within this District. In support, the Applicant states as follows:

#### Introduction and Factual Background

The facts relevant to this Application are set forth below, in the sworn Declaration of Mario Garcia De Paredes (the "Paredes Declaration").

Applicant seeks assistance from the United States District Court in and for the Southern District of New York in obtaining documentary and testimonial evidence from the Discovery Targets.  The Discovery Targets are financial institutions found to transact business in this District. This documentary and testimonial evidence is necessary and will be used in a pending Panamanian criminal proceeding against Ulrich Alfred Schwark and Peter Stehling (the

1

"Defendants") for aggravated theft before the Twelfth Circuit Court of Panama, Criminal Division in which the Applicant, among other victims, is a plaintiff (case No. 1346-18) (the "Panama Criminal Proceeding".) See Paredes Declaration, ¶2.

The Applicant is a U.S. citizen who traveled to Panama with his wife to look into the possibility of purchasing land and retiring there. While in Panama they attended an International Living Conference in Panama City. This three day conference was set up to educate conference attendees on the benefits of living in Panama. Various presenters provided information on immigration, healthcare, and investment opportunities. SMH Schweizerische Metallhandel Panama, S.A. ("SMH Panama") was one of those presenters who operated under the doing business name of "Swiss Metals". See Paredes Declaration, ¶3.

Applicant invested in rare and precious metals through SMH Panama, which was a Panamanian entity incorporated on August 4, 2010. See Paredes Declaration, ¶5(i). On April 30, 2014, the Applicant purchased rare and strategic metals valued at $142,165.45 from SMH Panama that were to be stored in a vault in Panama and Switzerland. See Paredes Affidavit, ¶6(ii). Applicant wired the $142,165.45 to Swiss Metals Assets LLC, C/O Juliette Passer, Panamanagement Corp, New York, New York, account ending No.2894. Id. Relying on Knut Anderson, SMH Panama' salesman's representations regarding the performance of Applicant's investment, Applicant decided to make another investment in the amount of $50,745 on September 15, 2014. Id, ¶6(iv).

Between February and March 2016, Applicant contacted Mr. Knut Anderson to liquidate some of his metals into coins. See Paredes Affidavit, ¶6(v). Mr. Anderson told Applicant that this would take a couple of weeks. Id. Applicant was given the run around by SMH Panama. Id. Ultimately, a liquidator for SMH Panama contacted Applicant by email on or about October 2017. See Paredes Affidavit, ¶6(vi).

On October 12, 2016, SMH Panama was dissolved by an act of its shareholders. See Paredes Declaration, ¶5(vi). On October 18, 2016, Mr. Fernando Aleman was appointed as the liquidator of SMH Panama. See Paredes Declaration, ¶5(vii). A year later in or about October 2017, Mr. Fernando Aleman contacted Applicant to obtain a signed release from Applicant to authorize him to sell Applicant's metals as part of the liquidation proceeding of SMH Panama. See Paredes Declaration, ¶6(vi). In December 2016, Mr. Fernando Aleman informed Applicant that the only metals he could identify as belonging to Applicant was 42.00 kg of Dysprosium out of the 200.91 kilogram of metals Applicant purchased from SMH Panama and valued at a total amount of $192,910.45. See Paredes Declaration, ¶6(vii).

Mr. Aleman discovered that metals located in the Vault were missing. See Paredes Declaration, ¶5(viii). According to preliminary investigations, the metals in the Vault should have corresponded to investments made by several investors amounting to approximately $36,000,000.00. However, only $12,000,000 worth of metals were found in the Vault. Id.

According to the head of the security of the vault in Panama, Ulrich Alfred Schwark, a defendant in the Panama Criminal Proceeding, was the only person authorized to release metals from the vault in Panama in his capacity as director of SMH Panama. See Paredes Declaration, ¶5(ix).

**Nature of Evidence Sought and Relief Requested**

There is a preliminary hearing in the Panama Criminal Proceeding scheduled for September 20, 2018 in order for the criminal court to determine whether there is enough evidence to go forward with the proceeding. See Paredes Declaration, ¶8. Applicant, as a plaintiff in the criminal proceeding, is authorized to submit additional evidence and is thus seeking documentary and testimonial evidence from various Discovery Targets found and transacting business in the Southern District of New York to support Applicant's claims in the

Panama Criminal Proceeding.  Id. These Discovery Targets are commonly known to act as correspondent or intermediary banks for U.S. dollar-denominated wire transfers passing from domestic banks to international banks, and vice versa, where individuals or entities appear to be involved in the theft and fraud that is subject of the Panama Criminal Proceeding. See Paredes Declaration, ¶9. The Discovery Targets or financial institutions are listed in ¶ 13 of the Paredes Declaration. The specific evidence sought from the Discovery Targets is evidence of U.S. dollar denominated wire transfers involving the individuals and entities listed in ¶ 14 of the Paredes Declaration. The defendants used various entities and individuals to conduct the fraud. Id.

Applicant makes this application because it is the best means of gathering evidence for use in the Panama Criminal Proceeding. See Paredes Declaration, ¶10. The information sought through the instant Application is the only practical and comprehensive way for Applicant to trace the flow and location of Applicant's funds, determine the individuals involved behind the entities that were parties to the fraudulent transactions, prove that defendants exercised control over these entities through the transactions and identify any co-conspirators that may have participated in the diversion of funds. Id.

Accordingly, this Application seeks leave to serve subpoenas on the Discovery Targets, in substantially similar form as the sample subpoena attached as **Exhibit A**, seeking documentary and testimonial evidence regarding wire transfers involving the individuals and entities listed in paragraph 14 of the Paredes Declaration.

As demonstrated below, Applicant meets the mandatory requirements and discretionary factors for granting this relief under § 1782.

## **ARGUMENT**

### I.     **Standard for Granting Relief**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Section 1782 is "provided for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248. The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

Courts have distilled § 1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. First:

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

Optimal Inv. Servs., S.A. v. Berlamont, 773 F.3d 456, 460 (2d Cir. 2014); Mare Shipping Inc. v. Squire Sanders (US) LLP, 574 Fed.Appx. 6, 8 (2d Cir. 2014) (summary order); accord Intel, 542 U.S. at 256-63 (addressing the factors).[1]

Next, once a District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion. Optimal Inv. Servs., S.A., 773 F. 3d at 460. To aid that discretion, the Intel Court delineated the following four factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65; Gushlak, 486 Fed. Appx. at 218 (reciting factors).

## I.   Applicant Meets the Mandatory Requirements for Granting Relief

### A.  The Discovery Targets Reside or are Found in this District

---

[1] District courts may, and indeed typically do, grant § 1782 on an *ex parte* basis. Gushlak v. Gushlak, 486 Fed.Appx. 215, 217 (2d Cir. 2012) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing further authority therein) (summary order).

[2] The four factors guiding that discretion again are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a

As demonstrated below, the Discovery Targets are found in this District by maintaining a headquarters or branch location here. Moreover, as financial institutions, the Discovery Targets transact business in this District, thus satisfying the first mandatory requirement of § 1782.

A legal entity, as opposed to a natural person, "resides or is found in" a district, pursuant to § 1782, when it has engaged in systematic and continuous activity in the district. In re Godfrey, 526 F.Supp.2d 417, 422 (S.D.N.Y. 2007). To satisfy this standard, this Court has looked to whether the entity is incorporated or headquartered here. Id.; see also In re Application of Gemeinschaftspraxis Dr. med. Schottdorf, No. Civ. M19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) (looking to whether the corporation was headquartered in the District). This Court has also held that a foreign bank "resides or found in" this District when it operates a branch here. In re Application of Kreke Immobilien KG, No. 13 Misc. 110(NRB), 2013 WL 5966916 at *3 (finding that the first requirement of the § 1782 analysis was satisfied where Deutsche Bank AG operated a branch in the Southern District of New York).

Accordingly, each Discovery Target resides or is found in this District by virtue of the location of a headquarters or branch, and because they regularly transact business here. For instance:

1.      Bank of America, N.A. is a financial services institution that regularly transacts business in this District and maintains several branches here.

2.      Citibank, N.A. is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 399 Park Avenue, New York, New York 10043;

3.      The Bank of New York Mellon is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 225 Libert Street, New York, New York 10281;

7

4.      Société Générale is a financial services institution that regularly transacts business in this District and has at least two branch locations here at 245 Park Avenue, New York, NY 10167, and 630 Fifth Avenue, New York, NY 10111;

5.      HSBC Bank USA, N.A. is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 452 Fifth Avenue, New York, NY 10018;

6.      BNP Paribas USA, is a financial services institution that regularly transacts business in this District and maintains at least two branch locations here at 787 7th Avenue, New York, NY 10019, and 1350 Avenue of the Americas, New York, NY 10019.

7.      Barclays Bank PLC is a financial services institution that regularly transacts business in this District and maintains at least one branch at 745 Seventh Avenue New York, NY 10019;

8.      JPMorgan Chase Bank, N.A., is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 270 Park Avenue, New York, NY 10017;

9.      Deutsche Bank Trust Co. Americas is a financial services institution that regularly transacts business in this District and maintains several branches here, including branches at 60 Wall Street, New York, NY 10005;

10.     The Bank of Nova Scotia is a financial services institution that regularly transacts business in this District and maintains a branch locations here at 250 Vesey  Street, New York, NY 10281;

11.     Wells Fargo Bank, N.A. is a financial services institution that regularly transacts business in this District and maintains several branches here, including 120 Seventh Avenue, New York, NY 10011;

8

12.     UBS AG is a financial services institution that regularly transacts business in this District and maintains at least one branch location here at 299 Park Avenue, New York, NY 10171;

13.     Bank of America, N.A. is a financial services institution that regularly transacts business in this District and maintains several branches here;

14.     Standard Chartered Bank is a financial services institution that regularly transacts business in this District and maintains at least one branch location here at 1095 Avenue of the Americas,  New York, NY 10036;

15.     Commerzbank AG is a financial services institution that regularly transacts business in this District and maintains a branch locations here at 225 Liberty Street, New York, NY 10281; and

16.     Bank of China USA, New York Branch is a financial services institution that regularly transacts business in this District and maintains a branch at 410 Madison Avenue, New York, NY 10017.

17.     Safra National Bank of New York is a financial services institution that regularly transacts business in this District and maintains a branch at 546 Fifth Avenue, New York, NY 10036

18.     The Clearing House Payments Company LLC ("TCH") provides both transmission of instruction messages and settlement of funds between financial institutions that is used to process international U.S. dollar funds transfers made among international banks. TCH maintains an office at 1114 Avenue of the Americas, 17th Floor, New York, NY 10036.

Therefore, Applicant has satisfied the first requirement under § 1782.

### B.  The Discovery Sought is for use in a Proceeding in a Foreign Tribunal

Likewise, Applicant satisfies the second requirement as the discovery sought through the instant Application is for use in the ongoing criminal Foreign Proceeding. See Paredes Declaration, ¶¶ 8-11. Bouvier v. Adelson (In re Accent Delight Int'l Ltd.), 869 F.3d 121 (2d Cir. 2017) (holding that the discovery sought pursuant to Section 1782 was for use in a proceeding in a foreign or international tribunal where the applicant was a crime victim authorized to submit the discovery to the foreign tribunal).

### C.  Applicant is an Interested Person

Finally, Applicant is an interested person within his capacity of plaintiff in the Panama Criminal Proceeding authorized to submit evidence to the foreign tribunal. See Paredes Declaration, ¶8. A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance… qualifies as an interested person within any fair construction of that term." Intel, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted); see also Bouvier, 869 F.3d 121. As such, Applicant meets the third mandatory requirement.

### D.  This Court Should Exercise its Discretion in Favor of Granting Relief

As noted above, once the District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion. Optimal Inv. Servs., S.A., 773 F. 3d at 460.[2] Additionally, that discretion must be guided by the twin policy aims of § 1782: providing efficient means of assistance to participants in international litigation

---

[2] The four factors guiding that discretion again are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65.

in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. Brandi-Dohrn, 673 F.3d at 81. Here, these discretionary factors weigh in favor of granting the requested relief.

First, there is no expectation that any of the Discovery Targets will be parties to the Panama Criminal Proceeding. See Paredes Declaration, ¶15. Importantly, the evidence the Applicant seeks through this Application could be crucial to uncover the amount and location of Applicant's funds and metals through the intermediary financial institutions. See Paredes Declaration, ¶10. That is, by better understanding the flow of funds to or from offshore jurisdictions, the Applicant hopes to be able to locate his metals and the funds invested in SMH Panama. Id. Thus, since the Discovery Targets will not be parties to the Panama Criminal Proceeding, the need for the evidence sought through the instant Application is even more apparent and this factor weighs in favor of granting recognition.

Second, Applicant's Panama counsel has advised that the documentary and testimonial evidence sought through the instant Application would likely be admissible in the Panama Criminal Proceeding and does not otherwise circumvent any evidentiary restrictions under the laws of the Republic of Panama. See Paredes Declaration, ¶¶12, 15. Even if the documents were not used as evidence in that proceeding, the Second Circuit has held that Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 77 (2d Cir. 2012.)

Third, Applicant's Panama counsel has advised that there is no indication courts of Panama would not be receptive to the documentary and testimonial evidence sought through the instant Application. See Paredes Declaration, ¶15.

Finally, this Application is not unduly intrusive or burdensome. See Paredes Declaration,

¶15. The type of The proposed requests to the Discovery Targets, demonstrated in the sample subpoena attached as **Exhibit A**, seek documents during the period beginning with January 1, 2014, the year when Applicant made his first investment in metals through SMH Panama, to the present. The request for wire transfer information is the type of evidence banking institutions regularly retrieve and produce as third parties in litigation.

As such, each discretionary factor identified by the <u>Intel</u> Court weighs in favor of granting the Application.


WHEREFORE, Applicant respectfully requests this Court to enter an Order, in the proposed, or substantially similar, form attached as **Exhibit B**:

(a) exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Application for Judicial Assistance;

(b) ordering that discovery taken pursuant to this Application and Order will be governed by the Federal Rules of Civil Procedure;

(c) granting Applicant leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoenas, in substantially similar form as the sample subpoena attached as **Exhibit A** to this Application;

(d) ordering the preservation of relevant and potentially relevant documents in the possession, custody or control of the Discovery Targets; and

(e) any other relief this Court deems just and proper.

Dated: July 9, 2018

Respectfully submitted,

By: _____
     Nazy Modiri
KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for Thomas F. Austin Jr.*
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: nm@khgflaw.com